# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-0344
Lower Tribunal No. 14-2505 SP

————————

**The Personal Injury Clinic, Inc.,
a/a/o Loanys Manzano,**
Appellant,

vs.

**Allstate Indemnity Company,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Milena Abreu, Judge.

Law Office of Chad A. Barr, P.A., and Chad A. Barr and Dalton L. Gray (Altamonte Springs),  for appellant.

Shutts & Bowen LLP, and Daniel E. Nordby (Tallahassee), Jason Gonzalez (Tallahassee), and Garrett A. Tozier (Tampa), for appellee.


Before LOGUE, LINDSEY, and BOKOR, JJ.

PER CURIAM.

Appellant (Plaintiff below) the Personal Injury Clinic, Inc. appeals from a final judgment entered in favor of Appellee (Defendant below) Allstate Indemnity Company. We affirm the trial court's conclusion that Allstate's policy provides legally sufficient notice of its election to use the fee schedules identified in section 627.736(5)(a)(2), Florida Statutes (2022). See Allstate Ins. Co. v. Orthopedic Specialists, 212 So. 3d 973 (Fla. 2017). However, consistent with our decision in First Medical & Rehab of Bradenton, LLC v. Allstate Fire & Casualty Insurance Co., 343 So. 3d 691 (Fla. 3d DCA 2022), we reverse and remand for further proceedings because Allstate did not identify evidence in its motion for summary judgment showing it paid pursuant to the fee schedules. See Fla. R. Civ. P. 1.510(c) (2020)[1] ("The motion must . . . specifically identify any affidavits, answer to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ('summary judgment evidence') on which the movant relies.").

Affirmed, in part, reversed, in part, and remanded.

---

[1] This case was decided under Florida's former summary judgment standard.